**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-215-D |
| | ) | |
| BARRINGTON HART, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's Unopposed Motion to Continue [Doc. No. 16], requesting that the Court continue the jury trial in this matter to the September 2026 trial docket. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a one-count indictment [Doc. No. 1] with indecent exposure, in violation of 18 U.S.C. § 13(a) and Okla. Stat. tit. 21, § 1021(A)(1). Defendant appeared for arraignment before United States Magistrate Judge Chris M. Stephens on June 9, 2026, and entered a plea of not guilty. The case was set on the Court's July 14, 2026 jury trial docket. [Doc. No. 8].

On July 2, 2026, Defendant filed the present motion to continue. Counsel for Defendant represents that he needs additional time to complete review of the discovery provided by the government and to conduct discussions with Defendant and the government regarding a potential resolution of this matter.

1

Defendant requests a continuance to the September 2026 jury trial docket. The government is not opposed to the requested continuance. Defendant has filed a Waiver of Speedy Trial [Doc. No. 17].

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue [Doc. No. 16] is **GRANTED**. This case is stricken from the July 14, 2026 jury trial docket and is

rescheduled on the September 8, 2026 jury trial docket. The parties shall file all pretrial motions on or before August 4, 2026.

**IT IS SO ORDERED** this 7th day of July, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE